# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

AKUBE WUROMONI NDOROMO
AKA AKIUBER NDOROMO JAMES
1525 Newton Street N.W
Washington D.C. 20010
Reg. # 28507-016
**Plaintiff**

Vs.

**JEFF SESSIONS, U.S. Attorney General**
950 Pennsylvania Avenue, N.W.
Washington D.C. 20530
**Defendant**

And

**JESSIE K. LIU, U.S. Attorney for**
**The District of Columbia**
501 Third Street, N.W.
Washington D.C. 20001
**Defendant**

Case: 1:18-cv-02339
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 10/10/2018
Description: Pro Se Gen. Civ. (F-DECK)

**COMPLAINT: ACTION AGAINST GOVERNMENT FOR FALSE CLAIM ACT AGAINST AKUBE W. NDOROMO AKA AKIUBER NDOROMO JAMES AND THE VOICE OF SOCIAL CONCERN ASSOCIATION INC., SEIZING $1,856,812.72 IN BANK ACCOUNTS AND SHUTTING DOWN BUSINESS SENDING AKUBE NDOROMO TO PRISON FOR 51 MONTHS TO COVER UP THEIR ACT <u>SEEKING REIMBURSEMENT AND REINSTITUTION WORTH $90,131,812.72</u>**

**THE PLAINTIFF** as Pro Se, business; The Voice of Social Concern Association Inc., (VSCA, Inc.) was shut down on December 22, 2004. The VSCA, Inc. as Non-profit and Profit making transportation under Health care Department In Washington DC entire documents, vehicles,

375 false claims Act filed Against Government 1

RECEIVED
OCT 10 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

computers, and the certificates seized leaving the plaintiff homeless right on December22, 2004-2018, etc. On December 21, 2004, the Plaintiff's Banking Accounts were seized. The plaintiff had the following loses and workers:

1-Eight permanent employees.

2-Four part time employees

3-The profit VSCA Inc., Earns minimum of $275,000, maximum of $325,000.00, a month

4-Nonprofit was making $1.3, Millions a year.

5-The business was making $4.9, Million a year.

6-In fourteen years could have made $68.6 Million.

7-Seized funds $1,856,812.71, in bank accounts stolen and stolen cash.

8-Two Vehicles Land Rover Discovery 2004, $65,000.00 and 18 Passage van Chevrolet $35,000.00

Plaintiff was lock up for 51 months in D.C. Jail and MDC (Metropolitan Detention Center in Brooklyn New York) without conviction or sentence before the Second Court of Appeal force U.S> District Court for the District of Columbia to release the Plaintiff. Akube Ndoromo was taken out of work since December 22, 2004-2018, etc. See Akube W. Ndoromo vs. Eric H. Holder Civ. No. 10-01984-DC. Circuit.

1-The Plaintiff was making minimum of $40,000, a month/Maximum $55,000.00.

2-Mr. Ndoromo's minimum $550,000.00, a year/Maximum $700,000.00.

3-Fourteen years out of work worth $9.2 Million

4-Locked up for 51 months reimbursement worth $25, Million.

### U.S ATTORNEYS THAT INFORMED DISTRICT COURT THERE WAS NO CASE in USA vs. James, Cr. No. 06-cr-019-EGS, U.S. District Court for the District of Columbia

1-U.S. Attorney Robert Bowman, "I can't take innocent man to trial" and resigned from the case.

2-U.S. Attorney William Cowden in Court "this man was not supposed to be indicted double jeopardy" and resigned.

3-The defense attorney David Boss also resigned from the case at that time.

4-The Court insisted on proceeding with the case and DOJ came up with another prosecutor Roy Austin Jr. in another hearing and Court also appointed new defense lawyer Rita Pendry.

## U.S. DISTRICT COURT'S FOR THE DISTRICT OF COLUMBIA SUPPORT FOR GOVERNMENT FALSE CLAIM ACT IN USA VS. JAMES CR. 06-019-EGS, IN U.S. DISTRICT COURT FOR THE DISTRICT OF COLMBIA

There was Health Care Fraud in Washington D.C. committed by Government agents. The Government failed to disclosed to District Court that they took Mr. Ndoromo down to stop him blowing the whistle about Health Care Fraud committed by Government agents for years and Mr. Ndoromo was investigating the $510,675.00 that was intercepted illegally and discover on going scheme, the Government had no choice, but to seized all the Akube Ndoromo's business and Voice of Social Concern Association, Inc., business documents and certificates and indicted him in the process, and they refused to turn over the documents so that Mr. Ndoromo will not have any record to claim back his funds or business. It took the Plaintiff 3 years to be able to gather all the business certificates; this is why he is now filing the case. See Akube W. Ndoromo vs. Eric H. Holder Jr. et al., Civ. No. 10-01984, also is the case that set Mr. Ndoromo free from prison.

1-Mr. Ndoromo is referring the Court to Civil Case; United States vs. 455,273.72, in funds from Bank of America, Civ. No. 05-cv-0356-EGS, Docket Entry No. 33, in U.S. District Court for the District of Columbia, about the Government paying $9,000.00 back to Court (U.S. Attorney Linda O. McKinney).

2-The Government went and seize $93,000.00 from Bank without warrants and was credit back to the seized funds $1.2, million.

3-Mr. Ndoromo's second motion about the illegal intercepted funds before the seized funds and Government responded by paying it back about $510,675.00, to add to the $1.2, million already seized.

### Government Indictment as follow:

1-Health Care Fraud; Title 18 U.S.C. Section 1347.

2-Mail Fraud Title 18 U.S.C. Section 1341.

3-Wire Fraud Title 18 U.S.C. Section 1343.

4-Convicted in Health care fraud Title 18 U.S.C. Section 982(a)(7)

5-False statement in health care matters Title 18 U.S.C. Section 18 1035(a)(2).

6-Money Laundry Title 18 U.S.C Section 1957.

See U.S. vs. James Cr. No. 06-019-EGS, in U.S. District Court for the District of Columbia Docket Entry Number 3.

### HEALTH CARE INDICTMENT MEET THE BILLS OF PARTICULARS

See, "Health care fraud counts in indictment met the constitutional requirements for specificity particular when consider in light of the bills of particulars provided by the Government; health Care fraud counts alleged:

1-The time frame of the scheme

2-The scheme's victims, (health care providers).

3-The perpetrators of the scheme, (in both sides).

4-The place where the scheme was perpetrated from starting location to ending location.

5-The purpose of the scheme, and tracked the language of the statute 18 U.S.C. Section 1347" or is insufficient. See, **U.S. v. Mermelstein,** E.D.N.Y. 2007, F.Supp. 2d 1215, and see trial transcripts March 26, 2007, docket entry number 67 dated November 30, 2007, pages 4, 10-11, and 141. Also see the Government Indictment.

The Trial is different from the indictment and from the verdict form that was supposed to be submitted or presented to Petit Jury and filed into courts' records. See the indictment docket entry number 3, **Criminal No. 06-cr-019-EGS U.S. District Court for the District of Columbia**.

"The grand jury clause of Fifth Amendment reads; no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of grand jury. And indictment, as charging instrument, offers three protections to the accused. First, it must appraise the accused of the charges against him so that he may adequately prepare his defense, and second, it must describe the crime with sufficient specificity to enable him to protect against future jeopardy of the same offense. **Gaither v. United States,** 134 U.S. App. D.C. 154, 159, 413 F.2d 1061, 1071 (1969); **United States v. Miller** U.S. 105 S.Ct. 1811, 1814, 85 L.Ed.2d 99 (1985); Also see **United States v. Bradford,** 482 A.2d 430, 433 (D.C. 1984). In

Case 1:18-cv-02339-CKK   Document 1   Filed 10/10/18   Page 5 of 13

addition to these notice related concerns, the right of indictment by grand jury affords a third safeguard. By guaranteeing the right to be tried only on charges made by the indictment, the clause also protects against oppressive actions of the prosecutor or court, which may alter the charge to fit the proof. **Gaither, Supra**, 134 U.S. App. D.C. at 159, 413 F.2d at 1061. The prohibition precludes the possibility that the defendant could be convicted on the basis of facts not found by or presented to, grand juries which indict him". See, ***Russel v. United States,*** 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed. 2d 240 (1962).

"An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A variance occurs when the charging terms of the indictment are left unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment."

**Motions hearing before trial March 21, 2007 in USA vs. James, Cr. 06-019-EGS in U.S. District Court for the District of Columbia**

Ms. Pendry: "Well, I submit to the Court that what we have here is sort of callous disregard to peoples' rights with these teams coming in, storming people's apartments 10 and 12 agents at a time, to execute search warrants in a white collar crime case and storming people's apartments". The Court: "What are they supposed to do? They don't know who's on the other side of the door, they don't know whether—I mean, they were investigating a pretty significant alleged theft here, what, over a million dollars or so".

The Court: "We can do that. I just finished one. It was wire fraud. What is this, mail fraud"? Mr. Austin: "Healthcare, mail, wire." The Court: "all right. What's the government offering in this case"? Mr. Austin: "I honestly cannot recall the specific offer. It was a very generous offer". The Court: "tell me what it is". Mr. Austin: "I don't have my paper work. The Court: what was his voluntary guideline? Do you recall what it is"? The prosecutor didn't answer the judge question about the offer.

The Court: "maybe that's too powerful. Maybe I should just reject it as not being persuasive. I find the law enforcement officer's testimony more persuasive at this point." It may well be that a Jury of his peers will find to the contrary, I don't know. But I find that the law

375 false claims Act filed Against Government 5

enforcement officers, both, are more credible at this point than either the defendant and/or his witness, a former employee". The Government: "For the reason the Government would ask that all three of the motions, the motion to suppress evidence, the motion to suppress statements, and the motion to dismiss the indictment, all be rejected". The Court: For the record, I will at this point deny the motion to treat the motions as conceded. That's denied. With respect to the remaining three motions Ms. Pendry, why should I credit your client and disbelieve the law enforcement". Ms. Pendry: "I am sorry, you're Honor"? The Court: "why should I credit your client and reject the testimony of the law enforcement officer?" The Court: **"what about national origin? Sometimes I give that. Do you want me to give that or not?"**

Ms. Pendry: "I do want to say, as far as the motion to dismiss is concerned, I raise two other arguments. One having to do with the fact that the indictment did not plead the offense that the Government claims, or offense the Government claims Mr. Ndoromo committed. And I will say to the court that I have since—the government's response has filled in a lot of the gaps, I think, and I've since met with Mr. Austin and he's given me affair amount of discovery, in addition to what was provided to Mr. Boss, so I don't press that argument".

THE COURT: "All right. That's fine".

MS. PENDRY: "And as for the argument about the being deprived of an ability to defend from the absence of the logs, I have since filed that motion. When I filed the motion, I thought that everything had been turned over to me in paper form from former counsel, as far as the trip logs are concerned and there were many, many, many missing. I've since found a disk that also contained probably thousands of these trip logs. So I think we have the bulk of the trip logs".

**Beginning of the trial on March 26, 2007, docket entry number 67, entry date November 30, 2007, pages 4 &5 in U.S. vs. James, Cr. No. 06-cr-019-EGS in U.S. District Court for the District of Columbia**

The court: "Actually, I have money laundering false statement related to healthcare, the wire fraud. What we have done is kind of tracking the language of statute for the healthcare fraud and the false statements related to healthcare matters. I don't know if you have something more comprehensive than that or not. I can show you both what we have. There wasn't anything really in the **red book or the federal practice book**." Mr. Austin: "I'll get the

court and defense counsel something. Probably right after the lunch break I'll be able to get something."

### TESTIMONY OF KEY WITNESSES in U.S. vs. James Cr. No. 06-cr-019-EGS, in U.S. District Court for the District of Columbia

1-The Key Government witnesses for Health Care fraud, Deputy Chief of Health Care Patricia Squire's testimony clear Mr. Ndoromo from Health Care Fraud, see Docket Entry No. 119, pages 12-13, in USA vs. James, Cr. 06-cr-019-EGS, in U.S District Court for the District of Columbia also see trial transcripts Docket Entry No. 69, pages 56-69, and 73.

2-The Government Expert Witness Robert Jodoin, employed with United States Attorney's Office in Washington D.C., is an auditor in the Fraud and Public Corruption Section Cleared Mr. Ndoromo of false statement, money laundry, and wire fraud. (Cleared Mr. Ndoromo from all the charges concerning fraud). See Docket Entry No. 119, page 14, in U.S. vs. James, Cr. 06-cr-019-EGS, in U.S. District Court for the District of Columbia also trial transcripts Docket Entry No. 69, Pages 43-45, 49-50, and 55, in USA vs. James Cr. 06-cr-019-EGS, in U.S. District Court for the District of Columbia.

### The Court denying the Plaintiff not to defend himself in 06-019-EGS, U.S. District Court for the District of Columbia

The Court: "The Law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proved beyond a reasonable doubt every element of an offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove beyond a reasonable doubt any element of an offense with which the defendant is charged, you must find the defendant not guilty of that offense".

See trial closing instructions March 29, 2007, page 107-108 docket entry number 70, and entry date November 30, 2007, in U.S. vs. James Cr. No. 06-109-EGS, in U.S. District Court for the District of Columbia as follow:

The Court: "And right now I'm going to instruct you that and I just misplace some of this paper, that there are certain counts in the indictment that you need not consider and you need not speculate as to any reason why you shouldn't consider them. And, quite frankly, I have misplaced what I just wrote down. Actually, they're counts two, three, four and five and

seventeen and eighteen. The reason why I mention that is because you'll see numerical gaps on the verdict form, you won't see those numbers. That's because you don't need to focus on those counts in the indictment. And just for clarity sake, when we send the indictment back, you won't even see reference to those numerical counts, just so that there's no confusion. So again, there are counts two, three, four and five and counts seventeen and eighteen that you need not give further consideration to".

See trial closing instructions March 29, 2007, page 107-108 docket entry number 70, and entry date November 30, 2007, Cr. 06-019-EGS, in U.S. District Court for the District of Columbia.

More recently, in **United States v. Miller,** Supra, the Supreme Court distinguished between an indictment alleging an offense different or broader from that establish at trial and an indictment means of committing the offense different from those established at trial. The former, it held, constituted an impermissible variance. Miller was charged with defraud his insurer both by consenting to a burglary and by lying to the insurer about the value of his loss. While only the latter allegation was proved at trial, the court held it insufficient to sustain a conviction. In another words, to successfully resist offense proved at trial and fully alleged in the indictment. See, **Miller, supra**, 105 S.Ct. at 1816.8. With regard to amendment which infringe on a constitution right to grand jury indictment, the Supreme Court has adopted a per se reversal rule. See Ex parte Bain, supra, 121U.S. at 1; **Baker v. United States**, 373 A2d 1215, 1218 (D.C. 1977).

### GOVERNMENT AND COURT COMPROMISED WITH THE PLAINTIFF'S LEGAL RIGHTS in Cr. 06-019-EGS, in U.S. District Court for the District of Columbia

The Court ordered plaintiff to be on hold for 51 months to cover up Government's False Claim Act before freed himself in Akube W. Ndoromo vs. Eric H. Holder Jr. et al., Civ. No. 10-0198, DC. Circuit. The entire procedures will spell out also in Appeal No. 11-5327, DC. Circuit. The legal right of the Plaintiff was compromised when the Court ordered Civil Case No. 1:05-cv-0356-EGS in U.S. District Court of District of Columbia closed and forfeit the robbed funds properties to Government to benefit from their False Claim Act. The Court issued an order without informing the Plaintiff or sending the order to the Plaintiff to respond or depend

himself. See Federal Rule of Appellate procedure Rule 3(a) (2), Federal Rule of Appellate Procedure Rule 4(a) (1), Federal Rule of Civil Procedure Rule 43, and Federal Rules of Criminal Procedure Rule 43.

The Plaintiff received the order on November 14, 2011; in opposition of the order the Plaintiff explains the legality of the law. The Government error in seizing evidence using Fed. R. Crim. P. Rule 41, in Civil Procedure United State vs. $455,273.72 in funds from Bank of America, Civ. No. 05-cv-0356-EGS, in U.S. District Court for the District of Columbia and the evidence used to obtained the false or insufficient indictment is so obvious and substantial that failure to correct it infringers Mr. Ndoromo's constitution rights which it did, and damages the integrity of the judicial process in United States of America.

The Court's plan was to cover up Government's 375 FALSE CLAIM ACT whenever Government committed False Claim Act against the American People of their funds and properties See U.S. Vs. $455,273.72 in funds from Bank of America Civ. 05-cv-0356-EGS, U.S. District Court for the District of Columbia, on 02/18/2005, when Government seized money using criminal Rules in Civil Procedures The presiding Judge had judicial power to correct the error, but choose to support the Government of their robberies, Fed. R. Civ. P. Rule 1.

### MEMORANDUM OF LAW in USA vs. James, Cr. No. 06-cr-019-EGS, in District Court for the District of Columbia

The Plaintiff is informing this Honorable District Court about the Government and the trial of Mr. Ndoromo. An error by the Prosecutor and the Court to such a degree that the constitutional right of the Plaintiff was compromised, "a manifested constitution error can be reviewed by a Court of Appeals even if the Plaintiff did not object at trial," due to ineffective assistant of counsel and misinterpretation of Court's laws.

Manifested error; an error that is plain and indisputable and that amounts to a complete disregard of the controlling law or the credible evidence in the record, see United States Vs. $455,273.72, in funds from Bank of America, 05-cv-0356-EGS Docket Entry No. 49, 50, and 69-77, in U.S. District Court for the District of Columbia also see Appeal and error Key 999(1), and Criminal law key 1030(1); and Akube Ndoromo Vs. Emmett G. Sullivan, Judge, 08-cv-0742, U.S. District Court for the District of Columbia.

### BACKGROUND OF GOVERNMENT PLAIN ERROR in USA vs. James, Cr. No. 06-cr-019-EGS, in U.S District Court for the District of Columbia

Mr. Ndoromo was investigating funds that were supposed to go to Voice of Social Concern Association, Inc. (VSCA) business account in Bank of America about $510,675, but never reach to the account. In the process of investigating the missing funds Mr. Ndoromo found out two individuals were using VSCA Medicaid Number for billing their charges since 2002, claiming to be a Doctor and Nurse working in VSCA Medicaid Program.

Around Nov. 2004, Mr. Ndoromo found out that the funds were intercepted by Federal Government, and the two people using VSCA Medicaid Number since 2002, were known to the Federal Government. In December 21, 2004, the Government seized the entire accounts from Bank of America, and City Bank, see United States vs. $455,273.72, in funds from Bank of America, 05-cv-0356-EGS Docket Entry No.1-6, in U.S. District Court for the District of Columbia, on December 22, 2004, the Government seized the entire papers, books, files documents receipts, business certificates, computers, cars, cell phones, birth certificates, medical records and Mr. Ndoromo's Fiancés documents.

The search and seizure was made to get rid of the evidence that Mr. Ndoromo discover about the illegally interception of funds for five months and two people billing Health Care Department illegally using VSCA Number without authorization Since 2002, up to 2004, when Mr. Ndoromo discovered them before they stop him.

The Plaintiff informed the Court about the two individuals that defrauding the Health Care Department for three years or more Physician Provider by the name of Dr. Doris Temilo Elizabeth, the Nurse name is missing, see United States vs. James, Cr. 06-cr-019-EGS, Docket Entry No 69, page19, in U.S. District Court for the District of Columbia the Court ignore it.

### ILLEGALLY OBTAINED EVIDENCE AND DOUBLE JEOPARDY CLAUSE OF FIFTH AMENDMENT in Cr. 06-019-EGS, in U.S. District Court for the District of Columbia

The Government error in seizing evidence using Fed. R. Crim. P. Rule 41, in Civil Action United States Vs. $455,273.72, in funds from Bank of America, Civ. 05-cv-0356-EGS, in District Court for the District of Columbia procedure and the evidence used to obtained the false or insufficient indictment is so obvious and substantial that the Court failed to correct it and

infringe Mr. Ndoromo's due process right also damaged the integrity of the Judicial process in United States of America. The United States Judicial system may need to know that the Government error is fundamental error. See Fed. R. Evidence Rule 103(d), and Appeal and error key 181, also Fed. R. Crim. P. Rule 52. Scope and definition: This Fed. R. Crim. P. does not modify any statute regulating search or the issuance and execution of search warrant in special circumstance, see Fed. R. Crim. P. Rule 41(a)(1)(2)(A).

Mr. Ndoromo was placed in double jeopardy on February 06, 2006, and Triple Jeopardy on March 26, 2007, due to seize evidence in the indictment, and Fed. R. Crim. P. Rule 41 is not retroactive to be used in both civil procedure and criminal procedures. Also double jeopardy attaches in jury trial when jury empanelled. See Buffington vs. Baltimore County, 913 F2d 113, 17 FR Serv. 3rd 577, 499 US 906, 113 Led 2d 216, 11 S.Ct. 1106. Jeopardy of criminal trial is to be measured at time trial begins and Mr. Ndoromo was place at risk of punishment as opposed to time when punishment was actual given without crime committed, during the seizure of properties and bank accounts, using criminal warrants in civil case see Dye Vs. Frank, 355 F3d 1102, also United States Vs. Idow, 74 F3d 387, US 1239, 135 Led 2d 182, 116 S.Ct. 1888. In applying constitution provision like that of double jeopardy which as rooted in history, double jeopardy clause differs from procedural guarantees in that its practical result is to prevent indictment or trial from taking place at all, but the Government, defense counsel knowingly applied it to Mr. Ndoromo supported by the Court. See Blacklegged Vs. Perry 417 US 2. Sweep of double jeopardy clause of Fifth Amendment where it is applicable, is absolute and there are no equities to be balance in determining whether trial should held for clause declare constitution policy based on ground which are not open to judicial examination.

### JURY TRIAL DEMAND IN GOVERNMENT FALSE CLAIM ACT

The Plaintiff is demanding Jury trial in these violations of his legal rights and Government False Claims Act. Basic purpose of freedom of information Act is to insure informed citizenry, which is vital to function of domestic society, and is needed to check against corruption and held Government and Court's accountable to Governed. See United States v. $455,273.72, in funds from Bank of America, Civ. No. 05-0356-EGS, in U.S. District Court of

District of Columbia Document No. 12, and see West Thester General Hospital, Inc. v. Department of Health, Education and Welfare (1979 MD Fla.) 464 F. Supp. 236.

Courts have affirmative duty to administer as well as interpret Rules according to Rule 1. Rule states that the District Court must construe and administer the Rules to secure just, speedy and inexpensive determination of every action. The Courts may require compliance with their orders to secure the goal of fair and effective trial in civil procedures. Fed. R. Civ. P. Rule 1.

**WHEREFORE**, regulations must be reasonable and consistent with law. Regulations must conform to law when law exists upon subject. See Phelps v. Siegfried, (1892) 142 US 602, 35 Led 1128, 12 S.Ct. 179; International R.Co. v. Davidson (1922) 257 US 506, 341, 42 S.Ct. 179.

**INCONCLUSION**: The Plaintiff is seeking for the reinstitution of his funds, and damages, worth $90, 232, 812.72, (Ninety Million Two hundred Thirty Two Thousand and Eight Hundred Twelve Dollars and Seventy two cents U.S. Dollars).

Date 10/10/2018

Akube Wuromoni Ndoromo
1525 Newton Street N.W.
Washington D.C. 20010.
Phone: (202) 910-5765.
E-Mail: Worikiden@gmail.com
Facebook Page Site; "Justice4James & Stop Government Robberies"

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing 375 False Claims Act was served by first-class mail, postage prepaid, on the __10__ day of __10__, 20__18__, upon:

JEFF SESSIONS, U.S. ATTORNEY GENERAL
950 Pennsylvania Ave. N.W.
Washington D.C. 205030

_____
(Signature)