# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKUBE WUROMONI NDOROMO,<br>       Plaintiff<br>   v.<br>WILLIAM BARR[1], *et al.*,<br>       Defendants | Civil Action No. 18-2339 (CKK) |

## MEMORANDUM OPINION
(July 2, 2019)

Pro se Plaintiff Akube Ndoromo brings this lawsuit against Defendants the United States Attorney General and the United States Attorney General for the District of Columbia requesting "restitution of his funds, and damages, worth $90,232,812.71." Compl., ECF No. 1, 12. Plaintiff's Complaint is disjointed and difficult to understand; but, as the Court reads it, Plaintiff appears to state three claims for relief. First, Plaintiff alleges that a 2008 forfeiture order in a criminal matter resulted in the illegal seizure of his funds and property. Second, Plaintiff attacks the 2007 jury verdict in that same criminal matter which found him guilty of multiple counts of false statements, money laundering, and fraud. Third, Plaintiff contends that the government violated the False Claims Act. Defendants have moved for the dismissal of all of Plaintiff's claims. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a

---

[1] Pursuant to Fed. R. Civ. P. 25(d), William Barr is substituted in his official capacity as United States Attorney General.

[2] The Court's consideration has focused on the following documents:
- Defs.' Mot. to Dismiss Pl.'s Compl. ("Defs.' Mot."), ECF No. 9;
- Pl.'s Dispositive Respond to Defs.' False Claim and Seeking for Reinstitution of his Funds, Damages, Worth $90,232,812.72, and Penalty of Not More than $25,000.00, a Day for Each One of the Seven Accounts Since the Seizure Dec. 21-22, 2004, Until the

whole, the Court will GRANT Defendants' Motion to Dismiss as Plaintiff has failed to state a plausible claim for which relief may be granted.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pled allegations in Plaintiff's Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in the United States*, 758 F.3d 296, 315 (D.C. Cir. 2014). Further, because Plaintiff proceeds in this matter pro se, the Court must consider not only the facts alleged in Plaintiff's Complaint, but also the facts alleged in Plaintiff's Opposition to Defendants' Motion to Dismiss. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("a district court errs in failing to consider a pro se litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss") (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)); *Fillmore v. AT & T Mobility Servs. LLC*, 140 F. Supp. 3d 1, 2 (D.D.C. 2015) ("the Court, as it must in a case brought by a pro se plaintiff, considers the facts as alleged in both the Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss."). The Court recites only the background necessary for the Court's resolution of the pending Motion to Dismiss.

Plaintiff's allegations appear to stem from the seizure of Plaintiff's funds and other property which resulted from a guilty verdict in the criminal matter, *United States v. James*, Case

---

Day Will be Paid and Speedy Trial of Sixth Am. for July Trial of Seven Am. ("Pl.'s Opp'n"), ECF No. 11; and
- Defs.' Reply to Pl.'s Opp'n and in Further Support of Mot. to Dismiss Pl.'s Compl. ("Defs.' Reply"), ECF No. 12.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

No. 6-cr-19-EGS. In 2006, a federal grand jury returned a Superseding Indictment charging Plaintiff with multiple counts of healthcare fraud, false statements, and money laundering. *James*, Case No. 6-cr-19-EGS, ECF No. 3. The Superseding Indictment included a forfeiture allegation. *Id.* at 13-15. On March 30, 2007, a jury found Plaintiff guilty of one count of healthcare fraud, 11 counts of false statements related to healthcare matters, and eight counts of money laundering. *Id.* at ECF No. 37. The jury further returned a Special Verdict, finding that $1,856,812.71 and two vehicles represented property derived from or proceeds traceable to Plaintiff's criminal acts. *Id.* at ECF No. 41.

In 2008, Plaintiff was sentenced to 57 months of incarceration and 36 months of supervised release and was ordered to pay $1,856,812.71 in restitution. *Id.* at ECF No. 117. At sentencing, the judge indicated that the forfeiture of $1,856,812.71 and two vehicles were included as part of Plaintiff's sentence. *Id.* at ECF No. 152 at 2. Accordingly, on December 30, 2008, the court issued two final Orders of Forfeiture to that effect. *Id.* at ECF No. 122 (as to funds), 123 (as to vehicles).

Following the resolution of Plaintiff's criminal matter, the government continued its pursuit of the forfeiture of Plaintiff's funds and property in the civil forfeiture matter, *United States v. $455,273.72*, Case No. 5-cv-356-EGS. And, in 2011, the court granted the government summary judgment. The court explained that, because Plaintiff's conviction in his criminal case was based on the same facts as the civil forfeiture matter, Plaintiff's funds and property were subject to forfeiture as the proceeds of an unlawful activity. *$455,273.72*, Case No. 5-cv-356-EGS, ECF No. 73, 12-16.

Since that time, Plaintiff has filed appeals and otherwise attacked the results of his criminal and civil forfeiture matters. On October 10, 2018, Plaintiff filed this lawsuit. As the

Court interprets Plaintiff's Complaint, Plaintiff brings three claims against Defendants: (1) Plaintiff's property was improperly seized; (2) Plaintiff's guilty verdict in his criminal matter should be overturned; and (3) the Government violated the False Claims Act. *See* Compl., ECF No. 1. Defendants have moved to dismiss Plaintiff's Complaint in its entirety. *See* Defs.' Mot., ECF No. 9. That Motion is currently before the Court.

## II. LEGAL STANDARD

Defendants move to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). According to Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.[3]

## III. DISCUSSION

In their Reply, Defendants note that Plaintiff's Opposition fails to address any of the arguments set forth in Defendants' Motion to Dismiss. Defs.' Reply, ECF No. 12, 2. Instead, Plaintiff merely recites seemingly random facts and legal conclusions unrelated to the arguments

---

[3] Alternatively, Defendants request dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Plaintiff's Complaint is patently insubstantial. However, the Court need to address this grounds for dismissal as the Court concludes that the matter should be dismissed for failure to state a claim under Rule 12(b)(6).

4

in Defendants' Motion. The Court agrees that Plaintiff's Opposition is wholly unresponsive to Defendants' Motion.

Because Plaintiff failed to respond to Defendants' arguments, Defendants ask the court to treat their arguments as conceded by Plaintiff and to dismiss this case. *See Lockhart v. Coastal Int'l Sec., Inc.*, 905 F. Supp. 2d 105, 118 (D.D.C. 2012) (explaining that the law is "well-settled in this jurisdiction that when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case" (internal quotation marks omitted)). However, the Court's ability to treat arguments as conceded based merely on Plaintiff's inadequate Opposition appears to be more limited that Defendants imply. In *Washington Alliance of Technology Workers v. United States Department of Homeland Security*, 892 F.3d 332 (D.C. Cir. 2018), the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") explained that a district court should not treat arguments in a motion to dismiss as conceded if the plaintiff files a timely response in opposition to the defendant's motion to dismiss. 892 F.3d at 344. Instead, "a party may rest on its complaint in the face of a motion to dismiss if the complaint itself adequately states a plausible claim for relief." *Id.* at 345. As such, the Court's analysis will focus on whether or not Plaintiff's Complaint states a "plausible" claim for relief. The court finds that it does not. As such, dismissal is appropriate. *See Golden v. Management & Training Corp.*, 319 F. Supp. 3d 358, 377-78 (D.D.C. 2018) (evaluating whether the plaintiff "has stated a plausible claim" despite the plaintiff's non-responsive opposition to the defendants' motion to dismiss).

## A. Collateral Attack on Forfeiture

First, Plaintiff argues throughout his Complaint that the government improperly seized his funds and property as a result of the forfeiture orders in *James*, Case No. 6-cr-19-EGS and

the grant of summary judgment in *$455,273.72*, Case No. 5-cv-356-EGS. But, Plaintiff cannot collaterally attack another court's grant of forfeiture through a civil complaint in this Court. *See 37 Associates, Trustee for the 37 Forrester Street, SW Trust v. REO Const. Consultants, Inc.*, 409 F. supp. 2d 10, 14 (D.D.C. 2006) (explaining that an in rem forfeiture "is not subject to collateral attack in any other court"); *Roberts v. United States*, 141 F.3d 1468, 1471 (11th Cir. 1998) (explaining that the plaintiff could not file a separate civil suit to collaterally attack the injunctions issued by a court in a criminal forfeiture case).

Moreover, the Court notes that Plaintiff's attacks on the forfeiture of his funds and property are specious. As the D.C. Circuit noted when summarily affirming the district court's forfeiture order, "[Plaintiff's] underlying criminal convictions collaterally estop him from arguing that he did not commit the offenses and that his funds and vehicles lacked the requisite nexus to those offenses." *United States v. $455,273.72*, Case No. 11-5327 (D.C. Cir), March 7, 2012 Order, 1 (citing *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 568 (1951) ("[I]t is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding.")). Additionally, the D.C. Circuit explained that "'civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause.'" *Id.* at 2 (quoting *United States v. Ursery*, 518 U.S. 267, 287 (1996)). For these reasons, the Court concludes that Plaintiff's claim collaterally attacking the forfeiture of his funds and property, as ordered by another court, does not state a plausible claim for relief.

## B. Collateral Attack on Guilty Verdict

Next, Plaintiff attempts to attack the 2007 guilty verdict in his criminal case, *James*, Case No. 6-cr-19-EGS. Plaintiff appears to allege that the Government's witnesses cleared him of wrongdoing and that the indictment was in some way insufficient. However, a plaintiff cannot

6

collaterally attack his conviction in another court by filing a civil complaint with this Court. *See 37 Associates*, 409 F. Supp. 2d at 14 (explaining that a "second action ... is a collateral attack if, in some fashion, it would overrule a previous judgment" (internal quotation marks omitted)). Plaintiff's remedies "are found in 28 U.S.C. § 2255 or the appellate process," not in this Court. *Stone v. Holder*, 859 F. Supp. 2d 48, 53 (D.D.C. 2012). While it appears that Plaintiff did not appeal his criminal conviction, he did file a § 2255 which was denied as untimely. *See James*, Case No. 6-cr-19-EGS, Feb. 2, 2012 Minute Order. Additionally, Plaintiff filed an appeal in his civil forfeiture matter, relating to similar issues, which was summarily denied. *United States v. $455,273.72*, Case No. 11-5327 (D.C. Cir), March 7, 2012 Order. The Court further notes that it is irrelevant that Plaintiff is attacking his guilty verdict for the purposes of invalidating the forfeiture of his funds and property. Even "'where [a] second action has an independent purpose and contemplates some other relief, it is [nonetheless] a collateral attack if, in some fashion, it would overrule a previous judgment.'" *Stone v. Lynch*, 174 F. Supp. 3d 291, 294 (D.D.C. 2016) (quoting *37 Associates*, 409 F. Supp. 2d at 14). Accordingly, the Court concludes that Plaintiff's claim collaterally attacking his guilty verdict does not state a plausible claim for relief.

C. **False Claims Act Against the Government**

Finally, Plaintiff appears to allege a False Claims Act violation against the government. Plaintiff states that the government "committed False Claim Act against the American people of their funds and properties," and that "[t]he presiding judge had judicial power to correct the error, but chose to support the Government of their robberies." Compl., ECF No. 1, 9. Plaintiff appears to misunderstand the nature of the False Claims Act, 31 U.S.C. § 3729. The purpose of the False Claims Act "is to prevent the commission of fraud against the federal government and to provide for the restitution of money that was taken from the federal government by fraudulent

means." *United States v. Satory Global, Inc.*, 946 F. Supp. 2d 69, 80 (D.D.C. 2013) (internal quotation marks omitted). Because the False Claims Act is meant to ensure that funds are not falsely taken from the government, the Court concludes that Plaintiff cannot use the Act to allege that the government has falsely taken funds from him. Plaintiff cites no case in which a court has allowed the False Claims Act to be used in this way. Accordingly, the Court concludes that Plaintiff's allegations under the False Claims Act do not state a plausible claim for relief.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' [9] Motion to Dismiss. Reading Plaintiff's Complaint and Opposition to Defendants' Motion to Dismiss in the light most favorable to him, Plaintiff has failed to allege any facts which state a plausible claim for relief.

An appropriate Order accompanies this Memorandum Opinion. The Clerk of the Court shall mail a copy of this Memorandum Opinion to Plaintiff at his address of record.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge